IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| James Frederick Richardson | § § § § § § § | |
| Plaintiff, | | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § § | |
| Midland Credit Management, Inc., | § § | |
| Defendant. | § § | |

## Defendant Midland Credit Management's Notice of Removal

Defendant Midland Credit Management ("Midland") files its Notice of Removal with the United States District Court for the Eastern District of Texas, Tyler Division.

### I. Introduction

1. The Plaintiff filed his Original Petition on May 13, 2009 in the County Court at Law for Anderson County, Texas under Cause No. 11273. Plaintiff served Midland by personal service on June 22, 2009. This notice of removal is timely under 28 U.S.C. § 1446(b) because Midland files this notice within 30 days of service or receiving notice of Plaintiff's suit. This action is removable under 28 U.S.C. 1441(b) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district. By alleging violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), Plaintiff's Original Petition raises federal

allegations on its face.[1] Therefore, removal is proper under federal-question jurisdiction.[2]

## II. Basis for Removal

2. Plaintiff alleges that Midland violated the FDCPA by repeatedly calling Plaintiff's home, calling Plaintiff's place of employment, and failing to disclose during the initial communication with the Plaintiff that Midland was attempting to collect a debt.[3] Plaintiff's Citation and Original Petition are attached as **Exhibit A.** Plaintiff seeks, among other claims, a declaratory judgment that Midland's conduct violated the FDCPA, and that Plaintiff is entitled to actual, statutory, and exemplary damages as well as court costs and attorneys fees.[4] These allegations constitute a claim arising under the laws of the United States and establish federal-question jurisdiction in this Court.[5]

3. Midland attaches copies of all processes, pleadings, orders and other papers filed in this action as **Exhibit A**, and incorporates them by reference. Midland attaches the Notice of Removal of State Court Action as **Exhibit B**. A copy of this notice of removal has been sent to all counsel of record and will be filed with the clerk of the court for the County Court at Law for Anderson County, Texas.

---

[1] *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163-64 (1997).
[2] 28 U.S.C. § 1441(a).
[3] 15 U.S.C. § 1692 (2007).
[4] Pl.'s Orig. Pet. ¶¶ III-V.
[5] 28 U.S.C. § 1441(a). 15 U.S.C. § 1692.

Therefore, Midland asks that this Court assume jurisdiction over this proceeding as provided for by law and for such other relief this Court deems just.

Respectfully submitted,

By: */s/ S. David Smith*
S. DAVID SMITH
Texas Bar No. 18682550
Fed. No. 14233
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone: (713) 520-1900
Facsimile:  (713) 520-1025

**ATTORNEY FOR DEFENDANT
MIDLAND CREDIT MANAGEMENT, INC.**

## Certificate of Service

On July 22, 2009, I certify that a correct copy of Midland's Notice of Removal was sent as indicated to the following counsel of record:

Jeffery L. Coe
1000 N. Church St.
P.O. Box 1157
Palestine, Texas 75802-1157
*Via facsimile: (903) 741-9229*

*/s/ S. David Smith*
S. David Smith

275978.1